FILED
SUPERIOR COURT
OF GUAM

2022 AUG 30 PM 3: 59

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>STAN MATTHEW RICALDE,<br>(*aka* Stan Mathew Ricalde)<br><br>Defendant. | Case No. CF0149-22<br><br>**DECISION AND ORDER**<br>**(Motion for Leave of Court to Place Defendant's Mental State at Issue and to Request for a Second Forensic Evaluation)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 18, 2022, for Further Proceedings on Stan Matthew Ricalde's ("Defendant") Motion for Leave of Court to Place Defendant's Mental State at Issue and to Request for a Second Forensic Evaluation ("Motion for Second Forensic Evaluation"). Assistant Public Defender Earl Anthony V. Espiritu appeared for Defendant. Assistant Attorney General Katherine M. Nepton appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** Defendant's Motion for Second Forensic Evaluation.

## BACKGROUND

On March 25, 2022, the Grand Jury indicted Defendant on Eight Counts of Burglary (As a Second Degree Felony). Indictment, Mar. 25, 2022. On April 13, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Apr. 13, 2022. Pursuant

to 9 GCA § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Apr. 13, 2022. On April 29, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, May 2, 2022. Dr. Rapadas concluded that "[a]s a result of this evaluation, ultimately it was my opinion that [Defendant] did not lack substantial capacity to know or understand what he was doing, to know or understand that his conduct was wrongful, or to control his actions especially as it pertains to the felony burglary charges." *Id.* at 8.

On May 19, 2022, Defendant filed the instant motion. Mot. for a Second Forensic Evaluation, May 19, 2022. The People did not file an opposition. On July 18, 2022, the Court held further proceedings and took Defendant's arguments under advisement. Minute Entry, July 18, 2022.

## DISCUSSION

Defendant requests the Court order a second evaluation with an independent psychiatrist. Mot. for a Second Forensic Evaluation at 1. Defendant states "[b]ased on counsel's meeting with Defendant, and in light of Dr. Rapadas's assessment that the Defendant may be suffering from a Schizotypal personality disorder, it is defense counsel's position that the Defendant's mental state may still be at issue and that a more thorough, in-depth psychiatric evaluation is necessary." *Id.* at 3.

The Supreme Court of the United States has found that constitutional principles of due process require the government to provide access to the assistance of a competent psychiatrist when a defendant's mental state is at issue and he cannot otherwise afford expert assistance. *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). Due process requires that the government, at minimum, "assure the defendant access to a competent psychiatrist who will conduct an

appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Id.* The Supreme Court of the United States noted that this right does not allow an indigent defendant "to choose a psychiatrist of his personal liking or to receive funds to hire his own." *Id.*

Title 9 G.C.A. § 7.25(b) provides "[w]henever, in the opinion of the court, any other expert evidence concerning the defendant's mental condition is, or will be required by the court or either party, the court shall appoint one or more such experts to examine the defendant and to report upon his mental condition as the court may direct." Neither the Supreme Court of the United States nor the Supreme Court of Guam have specifically addressed whether a neutral state psychiatrist satisfies constitutional due process, and federal circuit courts reach distinct conclusions on this issue. *See Powell v. Collins*, 332 F.3d 376, 391 (6th Cir. 2003) (noting several circuit courts have held that constitutional due process ". . . is not satisfied unless the defendant is provided an independent psychiatrist—i.e., the appointment of a neutral court psychiatrist, such as in the matter at hand, does not satisfy due process."); *see also Granviel v. Lynaugh*, 881 F.2d 185 (5th Cir. 1989) (holding a neutral psychiatrist satisfies due process guarantees of fundamental fairness); *and Pawlyk v. Wood*, 248 F.3d 815, 824 (finding a neutral psychiatrist insufficient to satisfy constitutional due process only when the court is the fact-finder). Guam trial courts have held that both constitutional and Guam law only require the Court to appoint a neutral state psychiatrist. *See People v. Steven Q. Rabago*, CF0506-10, Nov. 11, 2012 ("Absent a showing that the Court appointed psychiatrist is unqualified to report upon the Defendant's mental condition, there is no requirement that the Court pay for an additional psychiatrist for the Defendant."); *see also People v. Jose Vicente Agualo*, CF0216-07 and CF0400-08, Aug. 16, 2011 (finding the appointment of a qualified psychiatrist under 9 G.C.A. § 7.25 satisfies due process guarantees of fundamental fairness).

Defendant made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, and the Court provided Dr. Rapadas's assistance to Defendant. Order for Forensic Evaluation, Apr. 13, 2022. The Court finds that Defendant's constitutional right to the assistance of a psychiatrist was satisfied with the appointment of Dr. Rapadas. Defendant states that he "[i]n his Forensic Evaluation report, Dr. Rapadas notes that although the Defendant has no history of psychiatric treatment or psychotherapy, the Defendant may be suffering from 'subclinical depression.'" Mot. for Second Forensic Evaluation at 3. Defendant further asserts that a more thorough interview—including an interview of Defendant's family—would aid Dr. Rapadas in determining whether Defendant suffers from a personality disorder. Digital Recording at 10:05:45–10:54:14 (Mot. H'rg. July 18, 2022). Although additional evaluation and interviews may be helpful in determining Defendant's possible personality disorder, the lack of additional interviews does not connote that Dr. Rapadas was incompetent or that he conducted an inappropriate examination. Defendant does not articulate a deficiency in Dr. Rapadas's report; rather, Defendant requests additional evaluation to expand on Dr. Rapadas's report. Accordingly, as nothing in the record suggests Dr. Rapadas was incompetent or conducted an inappropriate examination, the constitutional due process requirements are satisfied. Neither constitutional due process nor Guam law requires Defendant receive assistance from a second psychiatrist in this case.

Even so, 9 G.C.A. § 7.25(b) gives the Court discretion to appoint a second psychiatrist. Defendant demonstrated the complexity of his mental state at the time of the offense during the Further Proceedings, including outlining how additional evaluation would aid defense counsel in determining whether Defendant has a personality disorder. Dr. Rapadas testified that he "ruled out" the possibility that Defendant is schizotypal. Digital Recording at 10:05:45–10:54:14 (Mot. H'rg. July 18, 2022). Dr. Rapadas explained that a "rule out" means the next

diagnostic professional will keep an out for the condition, not that he is ruling out the possibility that Defendant has the condition. *Id.* Dr. Rapadas also testified that Defendant mentioned artificial intelligence and stated "things" controlled him. *Id.* The Court finds that Dr. Rapadas's "rule out," his opinion that additional interviews would elucidate any personality disorder, and Defendant's statements about artificial intelligence illustrate that Defendant would benefit from a second evaluation. Therefore, the Court exercises its discretion and orders Defendant undergo a second forensic evaluation.

Title 9 G.C.A. § 7.25(g) states "[e]ach psychiatrist appointed by the court who examines the defendant pursuant to this Section shall file a written report with the clerk of the court who shall deliver copies to each party." Thus, the Court finds that the People are entitled to a copy of the report that the independent psychiatrist generates and requests Defendant ensure the People receive a copy.

The Court orders that CSFC perform a second evaluation. Should Defendant seek an evaluation from a psychiatrist not employed by CSFC, the Court notes that Local Rules of the Superior Court of Guam Miscellaneous Rule 1.1.4(c) states "[w]here counsel has received prior authorization for investigators, experts and interpreters, the maximum total shall not exceed $1,500.00. Counsel appointed under these rules may apply to the Administrator of the Courts to exceed this maximum." Consequently, Defendant will need to keep costs within $1,500.00 or apply to the Administrator of the Courts for additional funds if he chooses to use a psychiatrist not employed by CSFC. The Court declines to provide input in this regard.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Defendant's Motion for Second Forensic Evaluation and **ORDERS** the Client Services and Family Counseling Division of the Superior Court of Guam perform a second evaluation of Defendant.

SO ORDERED, this 30 day of August, 2022.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam